OPINION
{¶ 1} Appellant Kwame Clark ("appellant") appeals her conviction, in the Muskingum County Court of Common Pleas, for one count of trafficking in drugs. The following facts give rise to this appeal.
 {¶ 2} The initial transaction that forms the basis of this charge occurred when a confidential informant contacted appellant regarding the purchase of crack cocaine. Detective Mark Lenhart recorded the phone call. Appellant made the specific offer to sell, to the confidential informant, an eight-ball (3.5 grams) of crack cocaine. Appellant instructed the confidential informant to meet her at Food Town, on Ridge Avenue, in order to exchange the drugs and money.
 {¶ 3} Upon meeting at this location, appellant informed the confidential informant that her source for the drugs had not yet arrived in town and therefore, she did not have the drugs for sale at that time. However, appellant insisted on being paid $140.00 by the confidential informant in order to finance the purchase of the drugs. Appellant never did produce the drugs for which she accepted the money.
 {¶ 4} In August 2004, the Muskingum County Grand Jury indicted appellant on one count of trafficking in drugs, a felony of the fourth degree. Appellant appeared for her arraignment, on August 18, 2004, and entered a plea of not guilty. This matter proceeded to a jury trial on February 17, 2005. Following deliberations, the jury found appellant guilty of the charge and the trial court sentenced her to a twelve-month prison term.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING THE STATE TO ADMIT HEARSAY INTO EVIDENCE OVER THE OBJECTIONS OF DEFENSE COUNSEL."
 I {¶ 7} In her sole assignment of error, appellant maintains the trial court erred when it admitted hearsay testimony into evidence. We disagree.
 {¶ 8} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage
(1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Appellant challenges the testimony of the following three witnesses: Joe Hicks, Detective Steve Jones and Detective Mark Lenhart, as it pertains to their statements that appellant offered the confidential informant an extra rock of crack cocaine if he changed the tire on her vehicle. See Tr. 72-74; 105; 133. Appellant claims these statements were hearsay and the jury may have relied upon them in reaching its verdict.
 {¶ 10} In response, the state contends the challenged statements are not hearsay because they are an admission by a party opponent as explained in Evid.R. 801(D)(2). This rule provides, in pertinent part:
 {¶ 11} "(2) Admission by party-opponent. The statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity, or (b) a statement of which he has manifested his adoption or belief in its truth, or (c) a statement by a person authorized by him to make a statement concerning the subject, or (d) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, or (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy."
 {¶ 12} In the case sub judice, the statements complained of are those of the confidential informant stating what appellant said to him. Further, both Detectives Jones and Lenhart heard appellant make this statement to the confidential informant. Under Evid.R. 801(D)(2), a statement is not hearsay if it is offered against a party and is his own statement. See State v.Tidiane, Delaware App. No. 01CA-A-12-070, 2002-Ohio-4238, at ¶ 88.
 {¶ 13} Accordingly, the trial court did not abuse its discretion when it permitted Joe Hicks and Detectives Jones and Lenhart to testify about appellant's statement as it was not hearsay under Evid.R. 801(D)(2).
 {¶ 14} Appellant's sole assignment of error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
By: Wise, P.J. Hoffman, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Costs assessed to Appellant.